JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Anita Hyman, Jay Hyman

(b) County of Residence of First Listed Plaintiff: **Hudson (New Jersey)**

(c) Attorney's (Firm Name, Address, Telephone Number, and Email Address)
Burton Dorfman, P.C.
450 Piermont Ave.
Piermont, NY 10968
Tel.: (845)353-3500
Fax: (845)353-3529
Burtdorfman@gmail.com

## DEFENDANTS
West Coast Holdings Group, Inc.;
Steven Dean Kennedy (a.k.a. Stephen Dean Kennedy);
JayMac Rust

County of Residence of First Listed Defendant: **Clark (Nevada)**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known): unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | IMMIGRATION | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

added a defendant
e-filed because of service reject and

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1332

Brief description of cause:
recovery of loan proceeds that have not been repaid

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 8500,000 + interest

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE  
DOCKET NUMBER

Explanation:

DATE: 10/05/10

SIGNATURE OF ATTORNEY OF RECORD: Jonathan M. Victor

BURTON DORFMAN, P.C.
JONATHAN VICTOR, ESQ., Of Counsel
450 Piermont Avenue
Piermont, New York 10968
(845)353-3500
Facsimile (845)353-3529
E-Mail: Burtdorfman@gmail.com

UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEW JERSEY
-----------------------------------------------------------

ANITA HYMAN and JAY HYMAN,      Civil Action No.

        Plaintiffs,      COMPLAINT

   -against-

WEST COAST HOLDINGS GROUP, INC. and
STEVEN DEAN KENNEDY (a/k/a STEPHEN DEAN KENNEDY),
And J.MAC RUST,

        Defendants.
-----------------------------------------------------------

## COMPLAINT

Anita Hyman and Jay Hyman, herein by and through their attorneys, Law Offices of Burton Dorfman, P.C., JONATHAN VICTOR, ESQ., Of Counsel, for their complaint against the above-captioned defendants in the subject action respectfully alleges upon information and belief as follows:

## THE PARTIES

1. Plaintiffs Anita Hyman ("Anita") and Jay Hyman ("Jay") collectively "the Hymans" both reside at *159* Second Street, Apartment 1109, Jersey City, New Jersey. Defendant West Coast Holdings Group, Inc. ("West Coast") has a principal place of business at 3838 Raymert Drive, Suite 3, Las Vegas, Nevada 89121. Defendant Steven Dean Kennedy, a/k/a

Stephen Dean Kennedy ("Kennedy") has, upon information and belief a principal place of business at 3838 Raymert Drive, Suite 3, Las Vegas, Nevada 89121 and resides at 37 Shea Ridge, Rancho Santa Margarita, California 92688. Defendant, J. Mac Rust, is an individual residing at 4101 County Road 253, Stephenville, Texas with a principal place of business located at 166 South Belknap, Suite 1, Stephenville, Texas .

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 28 USC 1332 (a).as there is complete diversity of citizenship between the Plaintiffs and Defendants and the amount in controversy exclusive of costs exceeds $75,000.00.

## VENUE

3. .     Venue is proper pursuant to 28 USC 1391(a).as a substantial part of the acts giving rise to the claims herein took place within the State of New Jersey and both Plaintiffs reside in New Jersey.

## NATURE OF ACTION

4. Anita is an individual who made a loan in the amount of Five Hundred Thousand ($500,000.00) Dollars to the Defendant West coast.

5. Anita paid the sum of $500,000 by making the check payable to Defendant Mac Rust.

6. Anita was induced to make this loan due to the actions and representations of the Defendants (collectively or individually).

7. That the Note was guaranteed by Defendant Kennedy.

8. Anita has commenced this action due to the separate and collective defaults of the Defendants which have caused her harm.

9. Jay is an individual who made a loan in the amount of One Hundred Thousand

($150,000.00) Dollars to the Defendant West Coast.

10. Jay was induced to make this loan due to the actions and representations of the Defendants (collectively or individually).

11. Jay has commenced this action due to the separate and collective defaults of the Defendants which have caused him harm.

12. West Coast signed a promissory note to Anita and has defaulted in its obligations under said note.

13. West Coast signed a promissory note to Jay and has defaulted in its obligations under said note.

14. Kennedy is made a defendant herein because, among other things, he operated West Coast and propounded documents and representations from West Coast to the Hymans' which were relied upon by the Hymans'.

15. Kennedy is made a defendant because, among other things, he personally guaranteed the performance of West Coast on the note to Jay.

16. In or about September 2008, Jay was approached by the Defendants or their agents to make a loan to West Coast.

17. Jay's loan was evidenced by a promissory note dated October 21, 2008.   The terms of the note were repayment of the principal sum with interest calculated at seventeen (17%) percent per annum for 30 days and twenty (22%) percent per annum thereafter.

18. In furtherance of this agreement, on or about October 21, 2008 Kennedy, acting in his purported capacity as president of West Coast, executed a promissory note for the benefit of Jay.

19. Additionally, and simultaneously with the execution of the promissory note mentioned

above, Kennedy executed a personal guarantee to Jay, of all obligations of West Coast under the promissory note.

20. Thereafter, as agreed by the parties, Jay delivered the sum of $150,000.00 to the Defendants or their agent.

21. But for the compensation promised Jay would not have agreed to make this loan.

22. Anita was then presented by West Coast with the opportunity to loan the sum of Five Hundred Thousand ($500,000.00) Dollars to West Coast.

23. Upon the representations of Kennedy, this amount was to be secured by an insurance policy through Lloyd's of London or some other reputable insurance or surety provider.

24. In fulfillment of Anita's condition of providing this loan, Anita was advised by Kennedy that an insurance policy was procured as agreed.

25. In furtherance of this agreement, on or about December 26, 2008 Kennedy, acting in his purported capacity as president of West Coast, executed a promissory note for the benefit of Anita.

26. The terms of the note were repayment of the principal sum with interest calculated at seventeen (17%) percent per annum for ninety (90) days and twenty (22%) percent per annum thereafter.

27. Anita then supplied the sum of Five Hundred Thousand ($500,000.00) payable to Mac Rust for the benefit of Defendants.

28. But for the compensation promised Anita would not have agreed to make this loan.

29. To date West Coast has made no payment on its note to Jay.

30. Despite due demand by Jay to West Coast, West Coast continues in its refusal and/or failure to make any payments.

31. To date Kennedy has failed to make payments pursuant to his guarantee and in fulfillment of the obligations of West Coast.

32. Despite due demand by Jay to Kennedy, Kennedy continues in his refusal and/or failure to make payments.

33. To date West Coast has made no payment on its note to Anita.

34. Despite due demand by Anita to West Coast, West Coast continues in its refusal and/or failure to make payments.

35. To date no payment has been made pursuant to the financial guarantee issued to Anita to assure fulfillment of the obligations of West Coast.

## AS AND FOR A FIRST CLAIM FOR RELIEF-ANITA HYMAN

36. The Plaintiff repeats and realleges the above paragraphs as though set forth at length herein.

37. Anita received a promissory note from West Coast.

38. The Defendant West Coast has failed to make payments on the promissory note it issued to Anita. This failure continues despite due demand having been made by Anita.

39. Anita demands judgment against West Coast in the amount of the principal due of Five Hundred Thousand ($500,000.00) with interest at seventeen (17%) percent per annum from December 26, 2008 through March 27, 2009, and the additional interest at twenty-two (22%) percent per annum from March 28, 2009 thereafter.

## AS AND FOR A SECOND CLAIM FOR RELIEF-ANITA HYMAN

40. The Plaintiff repeats and realleges the above paragraphs as though set forth at length herein.

41. Kennedy assured Anita of the insurance policy to assure repayment by West Coast to Anita.

42. West Coast has refused to pay Anita.

43. Anita respectfully requests that this Court issue a declaration that the Defendants make the proceeds of the insurance policy available to Anita for payment.

## AS AND FOR A THIRD CLAIM FOR RELIEF-JAY HYMAN

44. The Plaintiff repeats and realleges the above paragraphs as though set forth at length herein.

45. Jay received a promissory note from West Coast.

46. Defendant West Coast has failed to make payments on the promissory note it issued to Jay.

47. This failure continues despite due demand having been made by Jay.

48. Jay demands judgment against West Coast in the amount of the principal due of $150,000.00 with interest at seventeen (17%) percent per annum from October 21, 2008 through November 22, 2008, and the additional interest at twenty-two (22%) percent per annum from November 23, 2008 thereafter.

## AS AND FOR A FOURTH CLAIM FOR RELIEF-JAY HYMAN

49. The Plaintiff repeats and realleges the above paragraphs as though set forth at length herein.

50. Kennedy guaranteed performance by West Coast to Jay.

51. West Coast has failed to make payments on the promissory note it issued to Jay.

52. Despite West Coast's failure to make payments on the promissory note West Coast issued to Jay, Defendant Kennedy, as guarantor of the note, has failed to pay Jay.

53. Jay respectfully requests that this Court grant him judgment against Kennedy in the amount

of the principle due of $150,000.00 with interest at seventeen (17%) percent per annum from October 21, 2008 through November 22, 2008, and the additional interest at twenty-two (22%) percent per annum from November 23, 2008 thereafter.

WHEREFORE Plaintiffs demands judgment on their Complaint granting them money judgments against the Defendants, equitable relief against the Defendants, together with costs and disbursements, as allowable by law; and, for such, further and different relief as this Court may deem fair, just and proper.

Dated: October 6, 2010
Piermont, New York

_____
Jonathan Victor, Esq., (JV10489)
Of Counsel
BURTON DORFMAN, P.C.

CERTIFICATION

I certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: October 6, 2010
Piermont, New York

JONATHAN VICTOR, ESQ.(JV1049)
Of Counsel for
BURTON DORFMAN, P.C.
Attorney for the Plaintiffs

STATE OF Florida

COUNTY OF Palm Beach

Anita Hyman, being duly sworn deposes and says:

1. I am Plaintiff in the within action.

2. I have read the foregoing Complaint and know the contents thereof. The same is true to my own knowledge, except as to matters alleged upon information and belief, and as to those matters, I believe them to be true.

_____
ANITA HYMAN

Sworn to before this 15 day of October, 2010.

_____

MINERVA YANES
Notary Public - State of Florida
My Commission Expires Jan 21, 2012
Commission # DD 750458
Bonded Through National Notary Assn.

STATE OF Florida

COUNTY OF Palm Beach

Jay Hyman, being duly sworn deposes and says:

1. I am Plaintiff in the within action.

2. I have read the foregoing Complaint and know the contents thereof. The same is true to my own knowledge, except as to matters alleged upon information and belief, and as to those matters, I believe them to be true.

_____
Jay J. Hyman

Sworn to before this 1st day of October, 2010.

_____

MINERVA YANES
Notary Public - State of Florida
My Commission Expires Jan 21, 2012
Commission # DD 750458
Bonded Through National Notary Assn.

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of New Jersey

ANITA HYMAN and JAY HYMAN )
)
_____ )
*Plaintiff* )
) Civil Action No.
v. )
West Coast Holdings Group, Inc., )
Steven Dean Kennedy (a/k/a Stephen )
Dean Kennedy) and J. Mac Rust, )
*Defendant*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* West Coast Holdings Group, Inc., 3838 Raymert Dr., Ste 3, Las Vegas, NV 89121; Steven Dean Kennedy (a/k/a Stephen Dean Kennedy), 37 Shea Ridge, Rancho Santa Margarita, CA 92688 and J.MacRust, 4101 County Road 253, Stephenville, Texas 76401

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: _____         _____
                                   *Signature of Clerk or Deputy Clerk*