**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ANITA HYMAN and JAY HYMAN, | : | |
| | : | |
| Plaintiffs, | : | **OPINION** |
| | : | |
| v. | : | Civ. No. 10-6237 (WHW) |
| | : | |
| WEST COAST HOLDINGS GROUP, INC., | : | |
| STEVEN DEAN KENNEDY (a/k/a | : | |
| STEPHEN DEAN KENNEDY), and J. MAC | : | |
| RUST, | : | |
| | : | |
| Defendants. | | |

**Walls, Senior District Judge**

Defendant Rust moves to dismiss the Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(2), lack of personal jurisdiction, and 12(b)(3), improper venue. In the alternative, he asks the Court to transfer venue to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). Plaintiffs oppose the motion. The motion is denied in its entirety.

### FACTUAL AND PRODEDURAL HISTORY

Plaintiffs allege that Rust prepared legal documents in which Plaintiffs agreed to lend West Coast Holdings Group, Inc. ("West Coast") a total of $650,000. Compl. ¶¶ 10, 19, 28. They allege that these documents contained representations that defendants knew were false. Id. ¶¶ 22, 41-42. On the basis of the documents containing allegedly fraudulent information regarding surety and escrow, Plaintiffs forwarded funds to Rust to be held in escrow. Id. ¶ 39-48. Rust allegedly failed to deposit the funds in an escrow account and instead disbursed the funds. Id.

Plaintiffs are New Jersey residents. Id. ¶¶ 1-2. Defendant West Coast was a Nevada corporation whose corporate authority was revoked. Id. ¶ 3. Kennedy is a resident of California

1

**NOT FOR PUBLICATION**

who is alleged to have misrepresented himself as an officer of West Coast in Nevada. Id. ¶¶ 4-5.

Rust is a resident of Texas and is licensed to practice law in Texas. Id. ¶ 6.

Plaintiffs complaint alleges fraud and breach of fiduciary duty against Rust and fraud and breach of contract against Kennedy and West Coast. In support of their fraud claims on Ms. Hyman's $500,000 loan, Plaintiffs allege that: 1) the loan was made based on the representations that Avalon Overseas Indemnity, LTD ("Avalon") was to provide surety and that the loan would be held in escrow until such surety was provided; 2) these representations were false when made; 3) Defendants knew when they prepared and represented the terms of the Financial Guarantee Agreement that the money loaned by Plaintiffs would not be held in escrow; and 4) Ms. Hyman was induced to make the loan due to the actions and representations of the Defendants. Id. 9-10. In support of their fraud claims on Mr. Hyman's $150,000 loan, Plaintiffs allege that: 1) the loan was made based upon Defendants' representations of the Oil and Gas Assets set forth in the Note; 2) the representations contained in the Note regarding the Oil and Gas Assets were false when made; 3) Defendants knew the representations to be false; and 4) Mr. Hyman was induced to make the loan due to the actions and representations of the Defendants. Id. 14.

Mr. Hyman loaned $150,000 to West Coast under the terms of a promissory note dated October 21, 2008 ("$150,000 Note"), which West Coast failed to pay when due. Id. ¶¶ 13, 24. Ms. Hyman loaned $500,000 to West Coast under the terms of a promissory note dated December 16, 2008 ("$500,000 Note"), which West Coast failed to pay when due. Id. ¶¶ 26, 39, 52-54. Ms. Hyman also entered a Financial Guarantee Agreement dated December 22, 2008 ("Financial Guarantee") naming Avalon the guarantor. Id. ¶ 29. Plaintiffs allege that Avalon is not an insurance company and that Defendants never intended to hold the loan in an escrow account until a surety was provided by Avalon to the Hymans. Id. ¶¶ 30-31, 34-42.

**NOT FOR PUBLICATION**

In support of their argument that this Court has specific personal jurisdiction over Rust, Plaintiffs allege his contacts with New Jersey in their affidavits. Anita Hyman's affidavit alleges that Rust prepared the $500,000 Note and provided her with a proposed Financial Guarantee. Aff. Anita Hyman, ¶¶ 20, 22. Her attorney Robert Berson then contacted Rust and Kennedy to designate New Jersey as the forum state. Id. ¶ 23. She alleges that Rust made that modification as requested. Id. ¶ 24. She also sent the check to be deposited in escrow under the agreement to Rust. Id. ¶ 26. Mr. Hyman's affidavit alleges that in September 2008 Rust communicated with him concerning the terms of a proposed loan. Aff. Jay Hyman, ¶ 24. Rust allegedly also communicated in September 2008 with Byron Belson, a New Jersey resident who introduced Kennedy to Mr. Hyman. Id. ¶¶ 18, 24. Mr. Hyman later learned that Rust paid Belson $17,000 (exhibits show $19,000) by wiring funds to Belson's account in New Jersey. Id. ¶ 23. Mr. Hyman also alleges that Rust prepared the $150,000 Note, an assignment, a form operating agreement, and Kennedy's personal guarantee to Mr. Hyman in connection with this loan. Id. ¶¶ 25, 27, 30.

## STANDARD OF REVIEW

"Under Rule 4(e) of the Federal Rules of Civil Procedure, district courts have personal jurisdiction over nonresident defendants to the extent authorized under the law of the forum state in which the district court sits." Sunbelt Corp. v. Noble, Denton & Assocs., Inc., 5 F.3d 28, 31 (3d Cir. 1993). The New Jersey long-arm rule extends jurisdiction to the "uttermost limits permitted by the United States Constitution." Avdel Corp. v. Mecure, 277 A.2d 207, 209 (1971); New Jersey Civil Practice Rule 4:4-4. Under the Fourteenth Amendment, personal jurisdiction is limited to cases where "the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

NOT FOR PUBLICATION

"If the district court does not hold an evidentiary hearing, 'the plaintiff[s] need only establish a prima facie case of personal jurisdiction.'" Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009) (quoting O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007). "Of course, by accepting a plaintiff's facts as true when a motion to dismiss is originally made, a court is not precluded from revisiting the issue if … the facts alleged to support jurisdiction are in dispute." Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir. 1992). Eventually, at a preliminary hearing or trial, the plaintiff must prove the jurisdictional facts by a preponderance of the evidence. See Id. at 142 n.1, 146. "[T]he plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence." Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 67 n. 9 (3d Cir. 1984). "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion …." Id. "[C]ourts reviewing a motion to dismiss a case for lack of in personam jurisdiction must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." Carteret Sav. Bank, FA, 954 F.2d at 142.

To meet its burden, the plaintiff can establish that the court has either "general" or "specific" jurisdiction. See Id. at 149. "General jurisdiction may be invoked when the claim does not 'arise out of or is unrelated to the defendant's contacts with the forum.'" Id. (citing Dollar Sav. Bank v. First Security Bank of Utah, 746 F.2d 208, 211 (3d Cir. 1984)). Specific jurisdiction is "invoked when the claim is related to or arises out of the defendant's contacts with the forum." Id. "[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." World-Wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 297 (1980). Jurisdiction over a defendant who has established

**NOT FOR PUBLICATION**

contacts in the forum cannot be avoided because the defendant did not physically enter the State.
Burger King Corp., 471 U.S. at 476.

      Once minimum contacts have been established, "these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" Id. at 477 (citation omitted); see also World-Wide Volkswagon Corp., 444 U.S. at 292. To determine if jurisdiction is unreasonable, the Court considers the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies. Burger King Corp., 471 U.S. at 477.

      Venue is proper

> in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Section 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought ...."

## DISCUSSION

### 1. Personal Jurisdiction

      Defendant Rust argues that he does not have the requisite minimum contacts with the State of New Jersey to sustain personal jurisdiction over him. Mot. Dismiss 5. Rust is a Texas

**NOT FOR PUBLICATION**

resident licensed to practice law in Texas. Id. 1. He argues that this Court does not have specific

jurisdiction because the claim does not arise from specific acts occurring in New Jersey. Id. 5.

He also argues that Plaintiffs have not shown sufficient contacts to support general jurisdiction.

Id.  Alternatively, Rust argues that even if the Court finds minimum contacts, a finding of

personal jurisdiction over him would offend traditional notions of fair play and justice. Id.

  Plaintiffs argue that this Court has specific jurisdiction over Rust. See e.g., Pls. Opp. Mot.

Dismiss 17. They argue that their claims are related to the contacts Rust made with New Jersey

by communicating with them and their attorney and by preparing the loan documents. They also

allege jurisdiction under the "effects test" because Rust "acted '… outside the forum state to

cause an effect upon the  …' Plaintiffs in the State of New Jersey." Id. 2. (citation omitted).

  Plaintiffs have made a prima facie case that all of their claims against Rust arise out of his

contacts with New Jersey, which are sufficient to establish specific personal jurisdiction.

"Specific jurisdiction is established when a non-resident defendant has 'purposefully directed'

his activities at a resident of the forum and the injury arises from or is related to those activities."

General Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001) (citing Burger King, 471 U.S.

at 477). In a similar case, a New Jersey district court held that a phone call and two e-mails, as

well as a phone call from the defendant's lawyer, in the days leading up to a loan agreement were

"sufficient 'purposeful availment' of the forum to confer personal jurisdiction on the court. Fox

v. Dream Trust, 743 F. Supp. 2d 389, 395 (D.N.J. 2010). Plaintiffs allege that both Mr. Hyman

and the Hymans' attorney, Mr. Berson, spoke directly with Rust to negotiate the terms of the two

loans. Aff. Anita Hyman ¶ 23; Aff. Jay Hyman ¶ 24. The Hymans also allege in their affidavits

that Rust prepared and delivered the contracts on which the fraud is based.  Aff. Anita Hyman, ¶¶

20, 22; Aff. Jay Hyman ¶¶ 25, 27, 30. Rust denies that he had "any discussions with either of the

**NOT FOR PUBLICATION**

plaintiffs relating to this transaction prior to them sending the funds to" him. Br. Reply, Aff. J.

Mac Rust ¶ 5. He also denies preparing, amending or forwarding the documents. Id. ¶¶ 3-5.

"[C]ourts reviewing a motion to dismiss a case for lack of in personam jurisdiction must accept

all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff."

Carteret Sav. Bank, FA , 954 F.2d at 142 n.1. Based on Plaintiffs' affidavits, Rust purposefully

directed his activity at residents of New Jersey. His negotiation and preparation of the loan

documents caused Plaintiffs harm within this State. The fraud claim arises out of Rust's contacts

with the forum.

      Plaintiffs also provide Rust's account ledger and a bank record indicating that he wired

$19,000 from Ms. Hyman's loan to Belson in New Jersey. Pls. Affs. Ex. I 4-5; Ex. M 5. Plaintiffs

allege that this transfer was payment to Belson for his introduction of Kennedy to Mr. Hyman,

which occurred in New Jersey. Combined with the drafting of the loan agreements, this transfer

presents a prima facie case for sufficient contacts for the breach of fiduciary duty claim.

      Jurisdiction can also be established where:

  (1) the defendant committed an intentional tort;
  (2) the plaintiff felt the brunt of the harm caused by the tort in the forum such that the
  forum can be said to be the focal point of the harm suffered by the plaintiff as a result
  of that tort;
  (3) the defendant expressly aimed his tortious conduct at the forum, such that the
  forum can be said to be the focal point of tortious activity.

IMO Industries, Inc. v. Kiekert AG, 155 F.3d 254, 265 (3d Cir. 1998). Fraud and breach of

fiduciary duty are intentional torts. See New Jersey Office Supply, Inc. v. Feldman, 1990 WL

74477 at *4 (D.N.J. June 4, 1990). The Plaintiffs felt the harm of losing $650,000 of their

savings in New Jersey, where they live. The only question is whether Rust expressly aimed his

tortious conduct at New Jersey. Plaintiffs allege that Rust participated directly in the fraud during

his contacts with Mr. Hyman and Berson, the Hymans' attorney. These contacts were sufficiently

**NOT FOR PUBLICATION**

aimed at New Jersey to make a prima facie case for personal jurisdiction over Rust on the fraud claim. As for the breach of fiduciary duty claim, Defendant Rust's "escrow" account is not maintained in New Jersey, it is maintained in Texas. But Plaintiffs allege that Rust's disbursement to Belson in New Jersey was payment for Belson's introduction of Kennedy to the Hymans. This is sufficient conduct, if true, to maintain personal jurisdiction over Rust in New Jersey on the breach of fiduciary duty claim.

The Court is not persuaded by Defendant's argument that personal jurisdiction in New Jersey would offend traditional notions of fair play and substantial justice. For assertion of personal jurisdiction to comport with "fair play and substantial justice," it must be reasonable to require the defendant to defend the suit in the forum state. See World-Wide Volkswagon Corp., 444 U.S. at 292. To determine if jurisdiction is reasonable, the Court considers: the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies. Id.; see also Burger King Corp., 471 U.S. at 477. Only in "rare cases [does] … the concept of fair play and substantial justice … defeat the reasonableness of jurisdiction even [though] the defendant has purposefully engaged in forum activities." Asahi Metal Industry Co. v. Super Ct. of Cal., 480 U.S. 102, 116 (1987). Here, the Defendant is burdened by having to defend this suit in New Jersey. But his inconvenience is outweighed by the Plaintiffs' interest in obtaining convenient relief. The judicial system's interest in obtaining the most efficient resolution of controversies is also served by denying the motion. If the Court dismissed Rust for lack of personal jurisdiction, Plaintiffs would have to seek relief

NOT FOR PUBLICATION

from him in the Northern District of Texas. This could effectively split the case because it is not clear that there would be personal jurisdiction over West Coast or Kennedy in Texas.

**2.   Improper Venue Under 28 U.S.C. § 1391**

Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" Here, a substantial part of the events giving rise to the claim occurred in New Jersey. Belson introduced Kennedy to Plaintiffs in New Jersey and Kennedy traveled to New Jersey to meet them and to solicit loans from them. Plaintiffs were located in New Jersey when Defendants negotiated the loan documents with them. Rust transferred a portion of Plaintiffs' loaned funds to Belson in New Jersey. The harm was centered in New Jersey. New Jersey is a proper venue.

**3.   Transfer of Venue Under 28 U.S.C. § 1404**

Arguing in the alternative, Rust urges the Court to transfer the case to the Northern District of Texas pursuant to 28 U.S.C. § 1404. Section 1404(a) reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division *where it might have been brought* …." (emphasis added). A case may only be transferred to a court with both proper venue and jurisdiction over all defendants. Shutte v. Armco Steel Corp., 431 F.2d 22, 24 (3d Cir. 1970). The Plaintiffs did not have an unqualified right to bring this action in the Northern District of Texas. Because a substantial part of the events giving rise to this claim occurred in New Jersey, venue is proper under §1391(b)(2). Section 1391(b)(3) does not apply because (b)(3) only comes into play "if there is no district in which an action may otherwise be brought as provided in this section …."

**NOT FOR PUBLICATION**

Even if a different forum has proper venue, the Court must then weigh factors

enumerated in <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 879 (3d Cir. 1995), which mirrors

<u>Gulf Oil v. Gilbert</u>, 330 U.S. 501 (1947). The private factors to be considered include:

> plaintiff's forum preference as manifested in the original choice; the defendant's
> preference; whether the claim arose elsewhere; the convenience of the parties as
> indicated by their relative physical and financial condition; the convenience of the
> witnesses—but only to the extent that the witnesses may actually be unavailable
> for trial in one of the fora; and the location of books and records (similarly limited
> to the extent that the files could not be produced in the alternative forum).

<u>Jumara</u>, 55 F.3d at 879 (citations omitted). The public interest factors to be considered include:

> the enforceability of the judgment; practical considerations that could make the
> trial easy, expeditious, or inexpensive; the relative administrative difficulty in the
> two fora resulting from court congestion; the local interest in deciding local
> controversies at home; the public policies of the fora; and the familiarity of the
> trial judge with the applicable state law in diversity cases.

<u>Id.</u> at 879-80.

Rust argues that the case should be transferred because he prefers Texas and

because the other defendants could more easily litigate the case in Texas than New Jersey.

He also notes that the Plaintiffs sent the funds at issue to Texas, and that as a Texas

attorney he is subject to the Texas fiduciary requirements regarding escrow funds. He

also alleges that the public interests weigh in favor of transfer to Texas. The factors do

not warrant transfer in this case. Plaintiffs' choice of forum is entitled to deference.

Inconvenience to the Defendant does not override Plaintiff's choice, as it would be

equally inconvenient to Plaintiffs to litigate in Defendant's chosen forum.

**CONCLUSION**

Defendant's Motion to Dismiss, or in the alternative, to Transfer Venue, is denied.

<u>s/ William H. Walls</u>
United States Senior District Judge

10