ROBERT F. SCHILLBERG, JR., P.C.
10 Drs. James Parker Blvd. - Suite 104
Red Bank, New Jersey 07701
(732) 758-1990 - office
(732) 758-6260 - fax
E-Mail: rschillberg@schillberglaw.com
Attorney for Defendant J. Mac Rust

UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANITA HYMAN and JAY HYMAN, | HON. WILLIAM H. WALLS |
| Plaintiffs, | |
| v. | Civil Action No. 10-CV-06237-WHW-CCC |
| WEST COAST HOLDINGS GROUP, INC., STEVEN DEAN KENNEDY (a/k/a STEPHEN DEAN KENNEDY) and J. MAC rUST, | Madeline Cox Arleo United State Magistrate Judge |
| Defendants. | ANSWER TO AMENDED COMPLAINT AND JURY DEMAND |

Defendant, J. Mac Rust, by and through his attorney, Robert F. Schillberg, Jr., P.C., as and for his Answer to the plaintiff's Amended Complaint in the subject matter respectfully states upon information and belief, as follows:

**Responding to the Allegations in the Amended Complaint - The Parties:**

1. This answering defendant, J. Mac Rust, lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraphs 1, 2, 3, 4, 5, 7, 8, 13, 14, 17, 18, 20, 21, 25, 26, 27, 29, 30, 31, 32, 34, 49, 50, 51, 52, 53, 54 and 55 of the amended complaint.

2. This answering defendant, J. Mac Rust, denies the truth of the allegations contained in paragraphs 9, 10, 11, 12, 15, 16, 19, 22, 23, 24, 28, 33, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47 and 48 of the amended complaint.

1

**Responding to the Allegations in the First Cause of Action in the Amended Complaint:**

3. This answering defendant, J. Mac Rust, repeats and realleges his answers to each and every allegation contained in paragraphs 1 through 56 of the amended complaint, as re-alleged in paragraph 56 of the amended complaint, and makes them a part hereof as though set forth herein at length.

4. This answering defendant, J. Mac Rust, lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraphs 57, 58 and 59 of the amended complaint.

**Responding to the Allegations in the Second Cause of Action in the Amended Complaint:**

5. This answering defendant, J. Mac Rust, lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraphs 61, 62, 63, 64 and 66 of the amended complaint.

6. This answering defendant, J. Mac Rust, denies the truth of the allegations contained in paragraph 60, 65, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79 and 80 of the amended complaint.

**Responding to the Allegations in the Third Cause of Action in the Amended Complaint:**

7. This answering defendant, J. Mac Rust, repeats and realleges his answers to each and every allegation contained in paragraphs 1 through 80 of the amended complaint, as re-alleged in paragraph 81 of the amended complaint, and makes them a part hereof as though set forth herein at length.

8. This answering defendant, J. Mac Rust, denies the truth of the allegations contained in paragraph 82, 83, 84, 85 and 86 of the amended complaint.

**Responding to the Allegations in the Fourth Cause of Action in the Amended Complaint:**

9. This answering defendant, J. Mac Rust, repeats and realleges his answers to each and every allegation contained in paragraphs 1 through 86 of the amended complaint, as re-alleged in paragraph 87 of the amended complaint, and makes them a part hereof as though set forth herein at length.

10. This answering defendant, J. Mac Rust, lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraphs 88, 89, 90, 93, 94, 96, 100 and 101 of the amended complaint.

11. This answering defendant, J. Mac Rust, denies the truth of the allegations contained in paragraph 91, 92, 95, 97, 98, 99 and 102 of the amended complaint.

**Responding to the Allegations in the Fifth Cause of Action in the Amended Complaint:**

12. This answering defendant, J. Mac Rust, repeats and realleges his answers to each and every allegation contained in paragraphs 1 through 102 of the amended complaint, as re-alleged in paragraph 103 of the amended complaint, and makes them a part hereof as though set forth herein at length.

13. This answering defendant, J. Mac Rust, denies the truth of the allegations contained in paragraph 104 and 105 of the amended complaint.

**Responding to the Allegations in the Sixth Cause of Action in the Amended Complaint:**

14. This answering defendant, J. Mac Rust, repeats and realleges his answers to each and every allegation contained in paragraphs 1 through 105 of the amended complaint, as re-alleged in paragraph 106 of the amended complaint, and makes them a part hereof as though set forth herein at length.

15. This answering defendant, J. Mac Rust, lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraphs 107, 108, 109 and 110 of the amended complaint.

**Responding to the Allegations in the Seventh Cause of Action in the Amended Complaint:**

16. This answering defendant, J. Mac Rust, lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraphs 111, 114, and 115 of the amended complaint.

17. This answering defendant, J. Mac Rust, denies the truth of the allegations contained in paragraph 112, 113, 116, 117, 118, 119 and 120 of the amended complaint.

WHEREFORE, this answering defendant demands judgment dismissing the plaintiff's amended complaint, together with costs, attorneys fees and disbursements, as allowed by law, and such other and further relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

18. This answering defendant, J. Mac Rust, alleges the following as affirmative defenses to the allegations of the plaintiff's complaint:

### FIRST SEPARATE AFFIRMATIVE DEFENSE

Accord and satisfaction.

### SECOND SEPARATE AFFIRMATIVE DEFENSE

Plaintiffs fail to state a cause of action and/or claim upon which relief may be granted.

### THIRD SEPARATE AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the business judgment rule.

### FOURTH SEPARATE AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Statute of Frauds.

4

### FIFTH SEPARATE AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of equitable estoppel.

### SIXTH SEPARATE AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because plaintiffs are guilty of unclean hands.

### SEVENTH SEPARATE AFFIRMATIVE DEFENSE

Plaintiffs' claims are not ripe.

### EIGHTH SEPARATE AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by assumption of the risk.

### NINTH SEPARATE AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Parol Evidence Rule.

### TENTH SEPARATE AFFIRMATIVE DEFENSE

Plaintiffs' claims are inconsistent with, and are therefore barred by, the duties and obligations, if any, which this answering defendant may have owed to the plaintiffs.

### ELEVENTH SEPARATE AFFIRMATIVE DEFENSE

Answering defendant has not violated and/or breached any covenant, implied or otherwise, of good faith and fair dealings.

### TWELFTH SEPARATE AFFIRMATIVE DEFENSE

Answering defendant did not owe any duty and/or obligation to plaintiffs.

### THIRTEENTH SEPARATE AFFIRMATIVE DEFENSE

Answering defendant has not breached and/or violated any duty and/or obligation owed to plaintiffs.

### FOURTEENTH SEPARATE AFFIRMATIVE DEFENSE

Answering defendant has not made any fraudulent statements and/or misrepresentations to plaintiff.

### FIFTEENTH SEPARATE AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to damages from answering defendant.

### SIXTEENTH SEPARATE AFFIRMATIVE DEFENSE

No action, omission, or conduct by answering defendant has caused any damage to plaintiffs.

### SEVENTEENTH SEPARATE AFFIRMATIVE DEFENSE

To the extent that plaintiffs have suffered any damage as a result of the allegations in the Complaint, the damages are not the fault or responsibility of answering defendant.

### EIGHTEENTH SEPARATE AFFIRMATIVE DEFENSE

To the extent that plaintiffs have suffered any damages as a result of the allegations in the Complaint, plaintiffs have failed to mitigate the alleged damages and therefore any claims for damages are barred.

### NINETEENTH SEPARATE AFFIRMATIVE DEFENSE

To the extent that plaintiffs have suffered damages as a result of the allegations in the Complaint, the damages were caused by a third party or parties over whom answering defendant had no control.

### TWENTIETH SEPARATE AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to receive any of the declaratory relief which they seek in the Complaint.

### TWENTY-FIRST SEPARATE AFFIRMATIVE DEFENSE

Answering defendant did not and does not owe any fiduciary duty to plaintiffs.

### TWENTY-SECOND SEPARATE AFFIRMATIVE DEFENSE

Plaintiff failed to comply with the applicable Statute of Limitations.

### TWENTY-THIRD SEPARATE AFFIRMATIVE DEFENSE

The court lacks subject matter jurisdiction over plaintiffs' claim.

### TWENTY-FOURTH SEPARATE AFFIRMATIVE DEFENSE

Insufficiency of process and/or insufficiency of service of process.

### TWENTY-FIFTH SEPARATE AFFIRMATIVE DEFENSE

The alleged occurrence is a result of circumstances and conditions beyond the control of answering defendant.

### TWENTY-SIXTH SEPARATE AFFIRMATIVE DEFENSE

To the extent no inconsistent with anything pleaded herein, answering defendant joins the affirmative defenses asserted by his co-defendants.

### TWENTY-SEVENTH SEPARATE AFFIRMATIVE DEFENSE

This answering defendant respectfully reserves the right to interpose such other separate defenses as continuing investigation and discovery may indicate, and also reserves the right to amend, alter or add to the separate defenses at any point up to and including the trial of the within case.

19. This answering defendant, J. Mac Rust, alleges the following as a cross claim against the Defendants West Coast Holdings Group, Inc. and Steven Dean Kennedy (a/k/a Stephen Dean Kennedy):

### CROSSCLAIM FOR CONTRIBUTION

This answering and cross-claiming defendant, J. Mac Rust, demands contribution from the defendants West Coast Holdings Group, Inc. and Steven Dean Kennedy (a/k/a Stephen Dean Kennedy) under the terms and provisions of the New Jersey Tortfeasors Contribution Act, N.J.S.A. A-1, et. seq., and under the terms and provisions of the Comparative Negligence Action, N.J.S.A. A- 5.1 et. seq.

### CROSSCLAIM FOR INDEMNIFICATION

7

This answering and cross-claiming defendant, J. Mac Rust, by way of cross-claim for indemnification against the defendants West Coast Holdings Group, Inc. and Steven Dean Kennedy (a/k/a Stephen Dean Kennedy), says:

### First Count

This answering defendant, while denying any liability under any of the claims as set forth in the amended complaint, asserts that the liability, if any, against this answering defendant, was due solely to the actions (or non-action) of the defendants West Coast Holdings Group, Inc. and Steven Dean Kennedy (a/k/a Stephen Dean Kennedy, and that the liability of this answering defendant, if any, was of a derivative or secondary nature, and that the liability of the defendants West Coast Holdings Group, Inc. and Steven Dean Kennedy (a/k/a Stephen Dean Kennedy) was of a primary character, thus giving rise to a duty on the part of the defendants West Coast Holdings Group, Inc. and Steven Dean Kennedy (a/k/a Stephen Dean Kennedy) to hold these answering defendants harmless and indemnify this answering defendant from any loss herein.

WHEREFORE, this answering defendant J. Mac Rust hereby demands judgment against the defendants West Coast Holdings Group, Inc. and Steven Dean Kennedy (a/k/a Stephen Dean Kennedy) for any and all sums that may be adjudged against this answering defendant in favor of the plaintiff in this cause, together with interest, costs and counsel fees.

### JURY DEMAND

This answering defendant demands a trial by jury as to all issues so triable, per FRCP 38.

Dated: April 30, 2012

_____
Robert F. Schillberg, Jr., Esq.
Attorney for Defendant J. Mac Rust
10 Drs. James Parker Blvd. - Suite 104
Red Bank, New Jersey 07701
E-Mail: rschillberg@schillberglaw.com
(732) 758-1990 - office
(732) 758-6260 - fax