## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| Anita HYMAN and Jay HYMAN, | : | |
| | : | |
| Plaintiffs, | : | **OPINION** |
| v. | :: | Civ. No. 10-6237 |
| | : | |
| WEST COAST HOLDINGS GROUP, INC., | : | |
| STEVEN D. KENNEDY, and J. MAC RUST | : | |
| Defendants. | : | |

**<u>Walls, Senior District Judge</u>**

      Anita Hyman  and Jay Hyman ("Plaintiffs") move for default judgment. This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. Plaintiffs' request is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

      This suit arises from an agreement by Plaintiffs Anita Hyman and Jay Hyman to make two separate loans to Defendant West Coast Holdings Group, Inc. ("West Coast") totaling $650,000. ECF No. 22, Am. Compl. ¶ 10, 13, 26, 28. Defendant West Coast was a Nevada corporation whose corporate authority was revoked. *Id.* ¶ 3. Steven Dean Kennedy is a California resident who represented himself as an officer of West Coast. *Id.* ¶ 5. Defendant J. Mac Rust is a Texas resident who is licensed to practice law in Texas. *Id.* ¶ 6. According to Plaintiffs, based on

documents containing allegedly fraudulent information, Plaintiffs forwarded funds to Rust to be held in escrow. *Id.* ¶ 39–48. As consideration for the loans, West Coast signed promissory notes payable to the Hymans. *Id.* ¶ 13, 26. West Coast allegedly failed to make payments under the terms of the notes despite demand by Jay and Anita Hyman. *Id.* ¶¶ 24, 52-54.

On December 2, 2010, Plaintiffs filed a Complaint against West Coast, Steven D. Kennedy and J. Mac Rust alleging West Coast defaulted on their loans. ECF No. 1. Defendant J. Mac Rust answered the Complaint on July 18, 2011. ECF No. 11. Plaintiffs then filed an Amended Complaint on January 16, 2012. ECF No. 22. In response, Defendant Rust filed a Motion to Dismiss alleging a lack of personal jurisdiction, which this Court denied by opinion and order. ECF No. 24; Nos. 34-35.  Rust filed an Answer to Plaintiffs' Amended Complaint. ECF No. 37. After a lapse in participation by all parties, this Court issued a call for dismissal on February 15, 2013. ECF No. 49. In response, on February 19, 2013, the Plaintiff filed the present Motion for Default Judgment. ECF No. 50.

According to Plaintiffs' Motion for Default Judgment, Plaintiffs requested an entry of default per Federal Rule of Civil Procedure 55(a), and the Clerk of Court denied their request. ECF No.50. The motion also alleges Defendant Rust agreed to voluntarily withdraw his Answer so the Hymans could obtain a default judgment against him. *Id*. Plaintiffs attach as Exhibit "C" a document signed by Counsel for Defendant J. Mac Rust that they claim is Rust's Withdrawal of his Answer. *Id.* Ex. C. Plaintiffs now seek entry of default and an order to withdraw Defendant Rust's Answer. ECF No. 50. They also briefly characterize their motion as a motion to strike Rust's Answer. *Id.* ¶ 6.

**DISCUSSION**

Federal Rule of Civil Procedure 55(b)(2) provides this Court with the discretion to enter default judgment. Before a default judgment may be entered by the court, the party moving for default judgment must have obtained an entry of default by the clerk pursuant to Federal Rule of Civil Procedure 55(a). See *Husain v. Casino Control Com'n*, 265 Fed. App'x. 130, 133 (3d Cir. 2008) ("the Clerk did not enter either a default or a default judgment when it docketed his motion . . . . the District Court accordingly was correct to deny [the] motion") (citing 10A Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure § 2682, at 13 (2007)).

Defendant answered the Complaint on July 18, 2011, and the Amended Complaint on May 1, 2012. Plaintiffs claim they applied for entry of default to the Clerk of Court which the Clerk denied. There is no docket entry of this request or the denial.  Plaintiffs have not obtained the required entry of default by the Clerk. Their motion is procedurally deficient and is denied.

Plaintiffs try to circumvent this requirement by attaching a document purporting to be Defendant's Withdrawal of Answer. Mot. for Default Ex. C. Defendant Rust has not independently filed a motion to withdraw his answer. This court will not issue an order withdrawing Defendant Rust's Answer without application on the docket by Defendant Rust.

In their motion for default, Plaintiffs briefly refer to their motion as a motion to "strike." Mot. for Default 1. Pursuant to Rule 12(f), a court may strike any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored. *F.T.C. v. Hope Now Modifications, LLC,* No. 09–1204, 2011 WL 883202 at *1 (D.N.J. March 10, 2011) (citing *Garlanger v. Verbeke*, 223 F. Supp. 2d. 596, 609 (D.N.J.2002)). A successful motion to strike is one that promotes expediency and efficiency by clearing away

pleadings that will not affect litigation. See *Garlanger*, 223 F.Supp.2d at 609. Defendant Rust's Answer to the Complaint is a central component to this case. A motion to strike is inappropriate here and is denied.

## CONCLUSION

Plaintiffs' motion for default judgment is denied.

**s/ William H. Walls**
United States Senior District Judge